UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EDDIE MOORE,

            Plaintiff,            Case No. 1:07-cv-756

v.                                      Honorable Gordon J. Quist

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

            Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants MDOC, Berghuis and Correctional Medical Services, Inc. The Court also will dismiss Plaintiff's Due Process and Eighth Amendment claims against all Defendants. The Court will serve Plaintiff's surviving retaliation claim against Defendants Wells, Hillman and Beyers.

**Discussion**

I.  Factual Allegations

Plaintiff is incarcerated in the Muskegon Correctional Facility (MCF), but the allegations set forth in his complaint concern events that occurred while he was incarcerated at the West Shoreline Correctional Facility (MTF) and the Brooks Correctional Facility (LRF). In his *pro se* complaint, he sues the Michigan Department of Corrections (MDOC); MTF Assistant Deputy Warden S. Wells; MTF Warden Mary Berghuis; Correctional Medical Services, Inc. (CMS); Chief Psychologist H. Hillman; CMS Dr. (unknown) Beyers; and unknown parties.

Plaintiff's allegations are somewhat vague. It appears that he was participating in the Assaultive Offender Program (AOP) at MTF upon the recommendation of the Michigan Parole Board. Plaintiff's participation in the program was terminated when he was transferred to LRF on April 17, 2006. Plaintiff claims that Defendant Wells violated his Eighth Amendment rights by transferring him to another facility while treatment was in progress because Wells knew that the Michigan Parole Board would deny Plaintiff's parole if he did not complete the AOP. According to Plaintiff, Defendant Wells "took an issue brought to the Wardens Forum meeting personal[ly], and retaliated." (Compl., 3.)

Plaintiff claims that he grieved the matter and the Region II Psychological Services Director instructed Defendant Hillman to reinstate Plaintiff to the AOP at LRF. Hillman, however, refused to reinstate Plaintiff to the program. Hillman told Plaintiff that is what happens when you "tick off" an Assistant Deputy Warden, apparently referring to Defendant Wells. Plaintiff claims that Defendant Berghuis was made aware of Hillman and Wells' conduct and took no action. He further alleges that Dr. Beyers conspired with the other Defendants by making a false report stating

that Plaintiff was not suitable for reinstatement to the AOP. For relief, Plaintiff seeks an unspecified amount of monetary damages.

> II. Immunity

As an initial matter, Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court will dismiss the MDOC.

II.     Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Due Process**

Plaintiff suggests that he was wrongfully terminated from AOP without due process. Federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1995) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services). Under these authorities, Plaintiff has no due process claim arising from Defendants' decision to reinstate him to AOP.

B.  **Eighth Amendment**

Plaintiff claims that Defendants violated his Eighth Amendment rights by transferring him from MTF to LRF prior to his completion of the AOP. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, since a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The deliberate indifference standard has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In this case, Plaintiff attempts to equate participation in the AOP, which is required in order for Plaintiff to qualify for parole, to actual medical treatment. However, Plaintiff does not allege that he has specific mental health needs indicating that his participation in such a program was medically necessary. Plaintiff does not argue that he is suffering from the denial of therapy, other than his ineligibility for an earlier release. The fact that Plaintiff will not be eligible for parole

because of his failure to complete the AOP does not constitute a serious medical need.[1] *See Jones v. Steinman*, No. 97-2048, 1998 WL 791847, *1 (6th Cir. Nov. 4, 1998) ("Jones did not state a claim under the Eighth Amendment because his conviction of a sex offense does not equate with a serious medical need for therapy."); *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (same). Therefore, Plaintiff's Eighth Amendment claims against all of the named Defendants are properly dismissed on the merits.

      C.    **Retaliation**

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Where "it is conceivable that plaintiff could develop some set of facts" sufficient to impose liability upon a defendant for retaliation, *Price v. Caruso,* 1:07-CV-117, W.D.Mich., Order dated May 22, 2007, dismissal of the complaint would be premature. At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to state a retaliation claim against Defendants Wells, Hillman

---

[1] Plaintiff does not appear to directly challenge the denial of his parole resulting from his failure to complete the AOP. Nevertheless, he cannot state a due process claim arising from the denial of his parole because Michigan prisoners do not have a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc).

and Beyers.

Plaintiff, however, fails to state a retaliation claim against Defendants Berghuis and CMS. Plaintiff claims that Defendant Berghuis was made aware of Hillman and Wells' conduct and took no action. Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *see also Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Moreover, the acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Greene,* 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Because Plaintiff does not allege that Defendant Berghuis was personally involved or that she otherwise encouraged or condoned the action of the offending employees, he fails to state a claim against her. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976) and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Plaintiff fails to make any specific factual allegations against CMS. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Plaintiff

appears to sue CMS because it employs Defendant Beyers. As stated above, a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). There must be more than merely a right to control employees, as plaintiff must show that CMS at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending employees. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff fails to allege any facts that show CMS authorized, approved or knowingly acquiesced in the conduct. Accordingly, Plaintiff fails to state a retaliation claim against CMS.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants MDOC, Berghuis and CMS will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). In addition, Plaintiff's Due Process and Eighth Amendment claims are dismissed for failure to state a claim against all of the named Defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's surviving retaliation claim will be served against Defendants Wells, Hillman and Beyers.

An Order consistent with this Opinion will be entered.


Dated:   October 25, 2007              /s/ Gordon J. Quist
                                       Gordon J. Quist
                                       United States District Judge