UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE MOORE,

Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS et al.,

Defendants.

Case No. 1:07-cv-756

Honorable Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. On October 25, 2007, this Court issued an opinion and order dismissing Plaintiff's complaint against the Michigan Department of Corrections (MDOC), Mary Berghuis and Correctional Medical Servies, Inc. The Court also dismissed Plaintiff's due process and Eighth Amendment claims against all of the Defendants. The Court ordered service of Plaintiff's surviving retaliation claim on Defendants S. Wells, H. Hillman and Dr. (unknown) Beyers. Service was returned unexecuted with regard to Defendants Beyers and Hillman. On January 4, 2008, Defendant Wells filed a motion for summary judgment (docket #14) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff did not file a response to the motion *per se*, but filed a pleading entitled "Plaintiff Requesting Re-review on Court's Opinions and Conclusions" (docket #17), which I construe as both a response to Defendant's motion and a motion for reconsideration of the Court's opinion and order dismissing Plaintiff's case in part. Upon review, I recommend that Defendants Hillman and Beyers be dismissed for lack of

service. I also recommend that Defendant Wells' motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies be denied. I further recommend that the Court deny Plaintiff's motion for reconsideration.

**Applicable Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party

with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Facts**

Plaintiff is incarcerated in the Muskegon Correctional Facility (MCF), but the allegations set forth in his complaint concern events that occurred while he was incarcerated at the West Shoreline Correctional Facility (MTF) and the Brooks Correctional Facility (LRF).

Plaintiff's allegations are somewhat vague. It appears that he was participating in the Assaultive Offender Program (AOP) at MTF upon the recommendation of the Michigan Parole Board. Plaintiff's participation in the program was terminated when he was transferred to LRF on April 17, 2006. Plaintiff claims that Defendant Wells violated his Eighth

Amendment rights by transferring him to another facility while treatment was in progress. Plaintiff contends that Wells knew that the Michigan Parole Board would deny Plaintiff's parole if he did not complete the AOP. According to Plaintiff, Defendant Wells "took an issue brought to the Wardens Forum meeting personal[ly], and retaliated." (Compl., 3.)

Plaintiff claims that he grieved the matter and the Region II Psychological Services Director instructed Defendant Hillman to reinstate Plaintiff to the AOP at LRF. Hillman, however, refused to reinstate Plaintiff to the program. Hillman told Plaintiff that's what happens when you "tick off" an Assistant Deputy Warden, apparently referring to Defendant Wells. Plaintiff claims that Defendant Berghuis was made aware of Hillman and Wells' conduct and took no action. He further alleges that Dr. Beyers conspired with the other Defendants by making a false report stating that Plaintiff was not suitable for reinstatement to the AOP. For relief, Plaintiff seeks an unspecified amount of monetary damages.

## **Discussion**

### I. **Defendants Hillman and Beyers**

On December 6, 2007, service was returned as unexecuted as to Defendant Beyers because he was deceased (docket #9). The same day, service was returned unexecuted with regard to Defendant Hillman because he was not employed by the MDOC (docket #10). The time limit for service is 120 days. FED. R. CIV. P. 4(m). Plaintiff has not taken any steps to effect service on Defendant Hillman or the estate of Defendant Beyers. Because the time for service has expired the Court may dismiss Defendants Beyers and Hillman without prejudice after notice to Plaintiff. *Id.* This report and recommendation will serve as such notice.

II. **Defendant Wells**

Defendant Wells claims that she is entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. at 922-23; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral

[1]The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms:

> A grievant shall use the Prisoner/Parolee Grievance form (CSJ-247A) to file a Step I grievance and to file a grievance directly with the Prisoner Affairs Section pursuant to Paragraph S; the Prisoner/Parole Grievance Appeal form (CSJ0247B) shall be used to file a Step II or Step III grievance. The forms may be completed by hand or by typewriter however, handwriting must be legible. The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.*, the regional health administrator for a medical care grievance. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

Defendant Wells claims that Plaintiff filed only one grievance relevant to his complaint, No. LRF 2006-10-1406-12c (docket #15-4). In his Step I grievance, Plaintiff requested that he be transferred to a facility where AOT was being provided so that he could satisfy the requirements of the Michigan Parole Board. The Step I respondent found no violation of policy and denied Plaintiff's grievance. However, the Step II respondent granted Plaintiff's appeal, stating

> Investigation shows prisoner Moore had completed 23 weeks AOP group therapy sessions when he transferred from MTF to LRF and that his transfer was for administrative reasons. He did not receive a misconduct report. His progress in the AOP at MTF was satisfactory according to his 4/17/06 Therapy Termination Report from MTF. Muskegon Complex Chief Psychologist Hillman has been contacted and will be reinstating prisoner Moore in the AOP at LRF as soon as possible. Appeal granted.

(Step II Grievance Response, docket #15-4.) Plaintiff appealed to Step III, stating:

> Grievance reiterates the arguments as presented in Step I and Step II; with the following informations [sic]: ADW Wells violated policy by transferring grievant to LRF, while groups were still in progress, for no apparent reasons. Grievant believes that I was retaliated against, because of an issue Grievant brought to the attention of the warden at a Warden's Forum meeting. Grievant has received a continuance from the Parole Board, for failure to complete AOT groups, and I am asking that the herein named staff be disciplined in accordance with policy.

(Step III Grievance, docket #15-4.) The Step III respondent concluded that the grievance was properly addressed at Step II. According to the Step III respondent, Plaintiff was re-admitted to AOT in April 2007. The Step III respondent did not address Plaintiff's claim of retaliation against Defendant Wells.

Defendant Wells claims that Plaintiff failed to "properly exhaust" his retaliation claim against her because he did not name her and assert his retaliation claim in his Step I grievance. Under the Supreme Court's decisions in *Woodford* and *Jones*, Plaintiff is required to follow the procedures set forth in the MDOC grievance policy. While the policy requires a prisoner to "name

all those involved in the issue being grieved," MICH. DEP'T. OF CORR., Policy Directive 03.02.130(T), it does not specify that such information must be included in the Step I grievance. Nor does the policy prohibit prisoners from raising related claims at Steps II and III of the grievance process.[2] In his Step III grievance appeal, Plaintiff clearly articulated a retaliation claim against Defendant Wells that was related to his initial claim regarding re-admission to AOT. Accordingly, Plaintiff properly exhausted his claim, regardless of the fact that the Step III respondent failed to address his claim of retaliation. Because Plaintiff satisfied the exhaustion requirement, Defendant Wells' motion for summary judgment will be denied.

III. **Plaintiff's motion for reconsideration**

Plaintiff filed a pleading entitled "Plaintiff Requesting Re-review on Court's Opinions and Conclusions," which I construe as both a response to Defendant's motion and a motion for reconsideration of the Court's opinion and order dismissing Plaintiff's case in part. Plaintiff's one-page motion states in pertinent part:

> I, Eddie Moore and [sic] in receipt of the court[']s Opinion and Conclusions dated October 25, 2007 and am also in receipt of the MDOC Motion for Dismissal dated January 4, 2008. The MDOC and Defendant Wells is claiming that I did not properly exhaust my administrative remedies and that this complaint should be dismissed since I failed to comply with 42 [U.S.C.] §1997e(a) . . . . *Jones v. Bock, et al.* [and] *Williams v. Overton et* al. Nos. 05-7058, 05-7142 (Jan 2007) . . . state that "Inmate's compliance with PLRA exhaustion requirement as to some, but not all claims does not warrant dismissal of the entire action."
>
> I pray on the courts to re-review my case per the facts stated above.

("Plaintiff Requesting Re-review on Court's Opinions and Conclusions," docket #17). Plaintiff does not assert that the Court erred in ruling on the merits of the claims dismissed in the October 27, 2007

---

[2]The grievance policy provides that a grievance may be rejected if it contains multiple *unrelated* issues, but does not prohibit a prisoner from raising multiple related issues. MICH. DEP'T. OF CORR., Policy Directive 03.02.130(G)(1).

opinion and order. Rather, Plaintiff appears to argue that if the Court finds that his retaliation claim is unexhausted, his case should not be dismissed in its entirety. Plaintiff is mistaken. Because Plaintiff's only surviving claim is his retaliation claim against Defendant Wells, a finding that he failed to exhaust the claim would result in the dismissal of his case. However, as discussed above, I find that Plaintiff properly exhausted his retaliation claim against Defendant Wells. Plaintiff has not stated any basis for relief from the Court's October 27, 2007 opinion and order; therefore, his motion for reconsideration should be denied.

**Recommended Disposition**

For the foregoing reasons, I recommend that Defendants Hillman and Beyers be DISMISSED for lack of service. I also recommend that Defendant Wells' motion for summary judgment (docket # 14) based on Plaintiff's failure to exhaust his available administrative remedies be DENIED. I further recommend that Plaintiff's motion for reconsideration (docket #17) be DENIED.

Dated: August 12, 2008

/s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).