WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE MOORE,

        Plaintiff

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.
                               /

Case No. 1:07-cv-756

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a former state prisoner pursuant to 42 U.S.C. § 1983.[1] The court previously dismissed plaintiff's Eighth Amendment claims and as well as his claims against five defendants: the Michigan Department of Corrections (MDOC), H. Hillman, Mary Berghuis, Correctional Medical Services, Inc., and "unknown Beyers." *See* docket nos. 7, 8 and 21. The sole remaining parties in this action are defendant Sharon Wells, who was an Assistant Deputy Warden (ADW) at the West Shoreline Correctional Facility (MTF) at all times relevant to this action, and defendants listed as "et al. Unknowns." This matter is now before the court on ADW Wells' motion for summary judgment (docket no. 25).

---

[1] Michigan Department of Corrections (MDOC) records indicate that petitioner was paroled on January 15, 2009. *See* Offender Tracking Information System ("OTIS"), www.state.mi.us/mdoc, (reference: Eddie Moore, MDOC No. 214167). Court records indicate that petitioner is currently living in Grand Rapids.

**I.     Background**

Plaintiff's allegations against ADW Wells provide in pertinent part as follows:

> ADW S. Wells of (MTF) violated MDOC policy and plaintiff's Eighth Amendment rights by intentionally interfering with and causing the delaying of treatment once prescribed. By transferring plaintiff to a different facility while treatment was in progress, ADW S. Wells took an issue brought to the Wardens Forum meeting personal, and retaliated. ADW Wells knew that the Michigan Parole Board would [defer] granting plaintiff a parole [based] solely on the results of her action, which the Board did.

Compl. at p. 3. Plaintiff does not identify the "treatment" he received or the parole board's decision that gave rise to this action. The only claim remaining against ADW Wells is for retaliation.

**II.    Legal Standard**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of

>production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).

"In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The motion is unopposed.[2] "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2nd Cir. 1996). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

---

[2] Plaintiff did not file a response to the motion for summary judgment as required by W.D. Mich. LCivR 7.2, despite the fact that the court granted plaintiff's motion for an extension of time, extending the response date to February 5, 2009. Order (Jan. 5, 2009) (docket no. 30). Plaintiff filed a second motion for extension of time, which the court denied. Order (Jan. 29, 2009) (docket no. 32).

### III. Discussion

To prove a First Amendment retaliation claim, plaintiff must establish three elements: "1) the plaintiff engaged in activities protected by the Constitution or statute; 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that this adverse action was taken at least in part because of the exercise of the protected conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). *See also Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To establish the causation element of a retaliation claim, "the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith*, 250 F. 3d at 1037, *citing Mount Health City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977). "[B]ecause prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Bennett v. Goord*, 343 F.3d 133, 137 (2nd Cir. 2003) (internal quotation marks omitted).

Plaintiff's claim fails for two reasons. First, plaintiff has not demonstrated that he participated in any protected activity that would serve as the basis for a First Amendment retaliation claim. *See Smith*, 250 F.3d at 1037; *Thaddeus-X*, 175 F.3d at 394. Plaintiff alleges that the retaliation arose from an unspecified issue raised at the warden's forum. He fails to identify the issue raised or even the date of the forum. Minutes from the Warden's Forum meetings of January, February and March of 2006 indicate that plaintiff was present. *See* docket nos. 26-6, 26-7, and 26-8. Even if plaintiff had raised an at the warden's forum, he was not engaging in protected First

Amendment activity when appearing as a representative to the forum.  *See Cromer v. Dominguez*, 103 Fed. Appx. 570, 573 (6th Cir. 2004).

Second, even if plaintiff had engaged in protected conduct, he did not suffer an adverse action.   ADW Wells ordered plaintiff's transfer from MTF because he was acting up and causing problems in response to the announcement that additional prisoners would be transferred to MTF and that each prisoner bay would be adding one prisoner.  Wells Aff. at ¶¶ 33-5 (docket no. 26-5).  According to MDOC records, plaintiff was transferred to the Earnest C. Brooks Correctional Facility (LRF) on April 20, 2006 for "attempting to cause problems for staff and administration due to the increase in the population at MTF."  Transfer Order (docket no. 26-4).

"A transfer to the general population of another prison is not considered sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights." *Jewell v. Leroux*,  20 Fed. Appx. 375, 378 (6th Cir. 2001).  *See, e.g., Burton v. Houseworth*, No. 90-2096, 1991 WL 105756 at *2 (6th Cir. June 14, 1991) (rejecting a Michigan prisoner's claim for retaliatory transfer because prisoners do not have a constitutional or state-created right to be incarcerated at a particular facility).   A prisoner has no constitutional right to be confined in a particular institution or to enjoy a certain classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 228 (1976) ("[w]hatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all"); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir.1986). Prison administrators, like ADW Wells, "should be accorded wide-ranging deference in the adoption and

execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that ADW Wells' motion for summary judgment (docket no. 25) be **GRANTED**.


Dated:  June 22, 2009                                        /s/ Hugh W. Brenneman, Jr.
                                                             HUGH W. BRENNEMAN, JR.
                                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).